**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-cv-23861

10 MINUTE FITNESS INC. d/b/a
ZAAZ,

    Plaintiff,

vs.

AMENTUM SERVICES, INC. f/k/a
URS FEDERAL SERVICES, INC.,

    Defendant.
_____/

JURY TRIAL DEMANDED

AMENTUM SERVICES, INC. f/k/a
URS FEDERAL SERVICES, INC.,

    Third-Party Plaintiff,

vs.

NAR ELECTRONICS HOLDING
GROUP INC. and NAR ELECTRONICS
SOLUTIONS, LLC,

    Third-Party Defendants.
_____/

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiff, Amentum Services, Inc. f/k/a URS Federal Services, Inc. ("Amentum"), files this third-party complaint against NAR Electronics Holding Group Inc. and NAR Electronics Solutions, LLC (collectively, "NAR") for breach of contract and declaratory relief. NAR (the subcontractor in a government project) agreed to indemnify and hold Amentum (the government contractor) harmless for the damages requested in the Amended Complaint (ECF

No. 21) and to defend Amentum in the instant lawsuit. NAR, however, has rejected Amentum's demand for defense and indemnity, thereby breaching its contractual obligations to Amentum.

## JURISDICTION AND VENUE

1. This Court has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a) because the claims raised herein are so related to those presented in Plaintiff's, 10 Minute Fitness Inc. d/b/a ZAAZ ("ZAAZ"), action against Amentum (the "Underlying Lawsuit") that they form part of the same case or controversy under Article III of the United States Constitution. Additionally, this Court has jurisdiction under 28 U.S.C. § 2201 because Amentum seeks a declaration from this Court over a bona-fide, actual, and present dispute.

2. Venue is proper in this district because NAR operates in Miami, Florida, and is registered to do business in Florida. Additionally, a substantial part of the events occurred within this district. Venue thus properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) and (d).

## THE PARTIES

3. Third-Party Plaintiff, Amentum, is a Delaware corporation with its principle place of business in Maryland.

4. Third-Party Defendant, NAR Electronics Holding Group Inc., is a Delaware corporation with its principle place of business in Florida.

5. Third-Party Defendant, NAR Electronics Solutions, LLC, was a Florida limited liability company with its principle place of business in Florida. On April 6, 2017, NAR Electronics Solutions, LLC converted to NAR Electronics Holding Group Inc.

**GENERAL ALLEGATIONS**

A. <u>**Material Allegations From The Underlying Lawsuit Against Amentum**</u>

6. On January 24, 2022, ZAAZ filed an Amended Complaint in the Underlying Lawsuit against Amentum. (ECF No. 21).

7. According to the Amended Complaint, "US Customs and Border Protection ["Customs"] seized 3 containers (2 from Savannah, 1 from Miami), each containing 225 ZAAZ 20K machines ["Machines"], claiming counterfeit trademark due to an alleged improper depiction of a UL certification number stamped on the base of each machine." (*Id.* ¶ 14).

8. As ZAAZ alleges, it "tried in vain" to "correct" the trademark issue but Customs implemented a "zero tolerance policy" and ordered that all of the Machines be "destroyed." (*Id.* ¶¶ 17–19). To that end, ZAAZ alleges Customs tasked Amentum with "destroy[ing] the [Machines]," who later "provided [to Customs] . . . destruction certificates evidencing" that it did so. (*Id.* ¶¶ 24 –26.) Indeed, ZAAZ alleges it followed up with Customs "[o]n October 1, 2018, . . . who advised that all of the machines had been sent to Miami and had been destroyed." (*Id.* ¶ 21).

9. Despite those alleged representations, ZAAZ alleges it later discovered that "the 'destroyed' [Machines] were, in fact, being sold on EBAY and Amazon." (*Id.* ¶ 22). To confirm they were the same Machines, ZAAZ alleges that it "purchased one [such Machine] from eBay and one machine from Amazon and confirmed from the serial numbers and the presence of the offending UL stamps that the machines were indeed from the seized containers that were supposedly destroyed." (*Id.* ¶ 39.)

10. According to ZAAZ, these online re-sellers offered steep discounts on its products causing it to lose roughly $1.5 million in sales (*id.* ¶ 29), incur "emergency high-interest loans to compensate" (*id.* ¶ 31), and take on "tremendous damage to [its] reputation" given customers were

misled into purchasing this product from third-party re-sellers instead of directly from ZAAZ. ZAAZ alleges it suffered over $12.3 million in total damages as a result. *See generally id.*

11. The allegations ZAAZ put forward in the Underlying Lawsuit, as summarized above, have triggered NAR's duty-to-defend and indemnify Amentum pursuant to a General Services Agreement NAR executed with Amentum in 2017 (the "Subcontract" a copy of which is attached as **Exhibit 1**). Additionally, if proven true, the allegations ZAAZ put forward in the Underlying Lawsuit demonstrate NAR materially breached its performance obligations to Amentum as it failed to carry out the destruction of the Machines in accordance with the Subcontract.

**B. NAR Was Responsible for Destroying the Machines But, Allegedly, Never Did.**

12. In 2013, the United States entered into a contract with Amentum (the "Government Contract") for the provision of property management and disposition services in support of the seizure and forfeiture program for the Treasury Executive Office for Asset Forfeiture. Under the Government Contract, the Office for Asset Forfeiture would, at times, outsource to Amentum the disposition of seized, blocked, or forfeited property, including property seized by Customs.

13. Notably, Amentum works with other service providers throughout the country to help it carry out its services under the Government Contract. Amentum and NAR entered into the Subcontract precisely for those ends. (*See* Exhibit 1, §§ 1, 3, Attachment A).

14. Pursuant to the Subcontract, NAR retrieved the Machines from Amentum on or around March 28, 2018 and July 18, 2018, along with other goods that Customs ordered to be

destroyed.[1] At that point, Amentum relinquished possession of the Machines to NAR, which, in turn, transported the Machines to its destruction facility in Florida.

15. On or around May 31 and September 28, 2018, respectively, NAR provided to Amentum "Certificates of Destruction" certifying to Amentum and the U.S. Government that it "fully destroyed" the Machines it retrieved in March and July 2018 in accordance with the Subcontract.[2]

16. Unbeknownst to Amentum and as ZAAZ alleges in the Underlying Lawsuit, however, the Machines were never fully destroyed.

**C. NAR's Obligations to Amentum Under the Subcontract**

17. Under Article 3 of the Subcontract, NAR "warrant[ed]" to Amentum that "(i) the Services shall be performed in accordance with the terms of this Agreement and any applicable Work Authorization; all applicable Federal, State, and local laws, rules regulations codes, etc.; and [with] the highest standards of the applicable industry; and (ii) [NAR] *__shall be responsible for the quality and completeness of all Services furnished under this Agreement__*." (Exhibit 1 § 3).

18. Additionally, NAR also warranted that, "[i]n the event that [Amentum] determines that [NAR] ha[s] failed to meet any of the above standards, [NAR] agrees, upon written notice from [Amentum], to correct the faulty portion of the Services and that [NAR] *__shall be responsible for all resulting damages and losses__*, regardless of whether resulting wholly or only partially therefrom, all at no cost to [Amentum] and all without prejudice to any other right or remedy." (Exhibit 1 § 3).

---

[1] The Chain of Custody Reports for Destruction Plans FL-18-1344 REC and FL-18-1362 REC are attached as **Composite Exhibit 2**, and the Receiving Reports for Destruction Plans FL-18-1344 REC and FL-18-1362 REC are attached as **Composite Exhibit 3.**

[2] The Certificates of Destruction are attached as **Composite Exhibit 4**.

19. Beyond that, "[NAR] agree[d] to **_indemnify, defend, and hold [Amentum] harmless from and against any and all Damages_** based on or arising out of, in whole or in part, from any violation or alleged violation of law or any noncompliance by [NAR] . . . , whether based on contract, tort, negligence, strict liability, delay, warranty, indemnity, error and omission, or otherwise." (Exhibit 1 § 10).

20. Similarly, under Attachment C to the Subcontract, NAR agreed to "**_indemnify [Amentum]_**" for any "**_[non-]compliance with Federal, State, and/or Local laws and regulations_**" or "**_any sort of legal or and/monetary penalty_**" in connection with "[NAR's] and/or its subcontractors[']" services under the Subcontract. (Exhibit 1, Attachment C).

21. Consistent with these obligations, Amentum sent a letter to NAR on March 30, 2022, putting it on notice of the Underlying Lawsuit and demanding that NAR confirm that it would honor its obligations to defend and indemnify Amentum for any losses it has and will continue to incur in connection with the Underlying Lawsuit, including attorney's fees, costs, and any other damages Amentum may suffer as a result.[3]

22. To date, however, NAR has failed to respond or otherwise confirm that it will honor its contractual obligations. Because NAR's negligent conduct is covered under the Subcontract, NAR must defend Amentum in the ongoing litigation—either by funding or providing a defense—and indemnify it "from and against any and all Damages" stemming from the litigation, including attorneys' fees and costs.

### COUNT I – BREACH OF CONTRACT
#### Duty to Defend and Indemnification

23. Amentum hereby incorporates by reference the factual allegations raised in paragraphs 1–22.

---

[3] Amentum's March 30, 2022, letter to NAR is attached as **Exhibit 5**.

24. NAR has a contractual obligation to "defend, indemnify, and hold [Amentum] harmless" for "any violation or alleged violation of law or any noncompliance by [NAR] . . . , whether based on contract, tort, negligence, strict liability, delay, warranty, indemnity, error and omission, or otherwise." (Exhibit 1 § 10).

25. NAR's duty-to-defend and indemnification obligations were triggered upon ZAAZ's filing of the Underlying Lawsuit against Amentum given they directly concern NAR's "violation[s] or alleged violation[s] of law . . . based on contract, tort, [and] negligence" in rendering services under the Subcontract. NAR must therefore "<u>defend, indemnify, and hold [Amentum] harmless from and against any and all Damages</u>" that flow as a result of those violations and alleged violations. (Exhibit 1 § 10).

26. On March 30, 2022, Amentum sent NAR a letter demanding that NAR defend and otherwise indemnify Amentum for damages arising from the Underlying Lawsuit under Articles 3 and 10 of the Subcontract. (*See* Exhibit 5). Such damages include, among other things, attorneys' fees and costs Amentum has so far incurred in defending against the Underlying Lawsuit and any damages awarded against Amentum in the Underlying Lawsuit.

27. NAR has not responded or otherwise confirmed it will honor its defense and indemnity obligations. NAR has thus breached Sections 3 and 10 of the Subcontract.

28. Amentum thus requests that this Court enter a judgment against NAR requiring that NAR defend and indemnify Amentum and awarding damages in an amount to be determined at trial, plus interest, costs, and attorney's fees, and any other remedy in law or equity this Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT
### Duty to Defend and Indemnify

29.     Amentum hereby incorporates by reference the factual allegations raised in paragraphs 1–22.

30.     In accordance with 28 U.S.C. §§ 2201 and 2202, Amentum requests that the Court determine the rights, status, and legal relations between the parties under the Subcontract.

31.     28 U.S.C. § 2201 provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

32.     Furthermore, 28 U.S.C. § 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

33.     There is a justiciable controversy about the rights and status of the parties concerning NAR's duty to defend and indemnify Amentum under the Subcontract. Specifically, under the Subcontract, NAR has a contractual obligation to "defend, indemnify, and hold [Amentum] harmless" for "any violation or alleged violation of law or any noncompliance by [NAR] . . . , whether based on contract, tort, negligence, strict liability, delay, warranty, indemnity, error and omission, or otherwise." (Exhibit 1 § 10); *see also* Exhibit 1, Attachment C (expressly providing that NAR will "indemnify" Amentum for "any sort of legal or . . . monetary penalty" Amentum may incur as a result of NAR's or its subcontractors' services under the Subcontract).

34.     In the Underlying Lawsuit, ZAAZ alleges that NAR failed to fully destroy the Machines and asserted a claim for negligence against Amentum for the losses it claims to have suffered as a result. (*Supra* ¶¶ 6–11). Those allegations have thus triggered NAR's duty-to-defend

and indemnify Amentum under the Subcontract because the Underlying Lawsuit concerns "violation[s] or alleged violation[s] of law . . . based on contract, tort, [and] negligence," as well as "legal" or "monetary penalt[ies]" that Amentum has or may incur as a result of NAR's or its subcontractors' services under the Subcontract. (*See* Exhibit 1 § 10 and Attachment C).

35. On March 30, 2022, Amentum sent NAR a letter demanding that NAR defend and indemnify Amentum in ZAAZ's lawsuit against it under Articles 3 and 10 of the Subcontract. To date, NAR has refused to acknowledge its obligations to defend and indemnify Amentum or otherwise respond to Amentum's demand. Thus, NAR maintains that it does not have a duty to defend or indemnify Amentum under the Subcontract.

36. The parties' controversies are real and substantial, involving a genuine conflict of tangible interests. As a result of the controversies relating to the Subcontract, there is a bona fide, actual, present practical need for the declaration. The declaration sought in this action deals with present, ascertained or ascertainable facts, or a present controversy as to a state of facts.

37. Amentum's rights and/or obligations concerning the Subcontract are dependent upon the facts or the law applicable to the facts. Amentum and NAR have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law. All antagonistic and adverse interests are presently before the Court. The relief sought is not merely seeking an advisory opinion, legal opinion or the answer to questions propounded by curiosity.

38. Amentum thus hereby requests that this Court enter a judgment against NAR declaring that it has a contractual duty to defend and indemnify Amentum for all damages Amentum has and may otherwise suffer in connection with the Underlying Lawsuit including (i) reimbursement for attorney's fees and costs, (ii) indemnification for damages that may result from

#157052016_v5

a potential judgment against Amentum, and (iii) any other damages the Court wishes to remedy in law or equity as it deems just and proper.

## COUNT III – DECLARATORY JUDGMENT
### Breach of the Subcontract

39. Amentum hereby incorporates by reference the factual allegations raised in paragraphs 1-22.

40. In accordance with 28 U.S.C. §§ 2201 and 2202, Amentum requests that the Court determine the rights, status, and legal relations between the parties under the Subcontract.

41. 28 U.S.C. § 2201 provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

42. Furthermore, 28 U.S.C. § 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

43. There is a justiciable controversy about the rights and status of the parties' obligations under the Subcontract. Specifically, under the Subcontract, Amentum subcontracted to NAR the destruction of the Machines that ZAAZ alleges in the Underlying Lawsuit were never fully destroyed. Thus, if the allegations in ZAAZ's complaint are proven true, it is Amentum's position that such a finding would prove that NAR materially breached the Subcontract by not destroying ZAAZ's Machines and otherwise failed to comply with its obligations and the scope of services set forth under the Subcontract. (Exhibit 1 §§ 1, 3, Attachment A.)

44. Indeed, under Section 3, NAR "warrant[ed]" to Amentum that "(i) the Services shall be performed in accordance with the terms of this Agreement and any applicable Work

10

Authorization; all applicable Federal, State, and local laws, rules regulations codes, etc.; and [with] the highest standards of the applicable industry; and (ii) [it] shall be responsible for the quality and completeness of all Services furnished under this Agreement." (Exhibit 1 § 3). And in accordance with Attachment A, NAR further committed to provide "[d]estruction/recycling of various Government property in accordance with the Statement of Work [as detailed in Attachment C] of this Agreement." (Exhibit 1 § 1, Attachment A.) NAR would have materially breached those obligations if it, in fact, never fully destroyed the Machines as alleged in the Underlying Lawsuit.

45. Amentum's rights and/or obligations concerning the Subcontract are dependent upon the facts or the law applicable to the facts. Amentum and NAR have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law. All antagonistic and adverse interests are presently before the Court. The relief sought is not merely seeking an advisory opinion, legal opinion or the answer to questions propounded by curiosity.

46. Amentum thus hereby requests that this Court (i) enter a judgment against NAR declaring that, should ZAAZ's allegations that the Machines were not fully destroyed be proven true, NAR materially breached the Subcontract; and (ii) award any other remedy in law or equity this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Third-Party Plaintiff Amentum brings this Third-Party Complaint against NAR and hereby requests this Court enter judgment containing:

a. A finding of liability in its favor against NAR for the causes of action alleged in this Third-Party Complaint;

b. An award of actual and consequential damages;

c. An order from this Court declaring that NAR must defend, indemnify, and hold

#157052016_v5

Amentum harmless for all damages, including past, current, and future attorneys' fees, costs, and any damages that may result from the Underlying Lawsuit;

d. An order from this Court declaring that if NAR failed to fully destroy the Machines as alleged in the Underlying Lawsuit, NAR would be in material breach of the Subcontract it has with Amentum;

e. An award of attorneys' fees and costs;

f. An award of prejudgment and post-judgment interest; and

g. Such other relief as the Court may deem just and proper.

Dated: April 28, 2022                                           Respectfully submitted,

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500

*/s/ Manuel A. Miranda*
Alex M. Gonzalez
Florida Bar No. 0991200
alex.gonzalez@hklaw.com

Israel J. Encinosa
Florida Bar No. 0046083
israel.encinosa@hklaw.com

Manuel A. Miranda
Florida Bar No. 119302
manuel.miranda@hklaw.com

Anthony J. Sirven
Florida Bar. No. 125879
anthony.sirven@hklaw.com

*Counsel for Defendant/Third-Party Plaintiff Amentum Services, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 28, 2022, a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                    By: ____*/s Manuel A. Miranda*

#157052016_v5