UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 21-23861-CIV-MARTINEZ-BECERRA**

10 MINUTE FITNESS INC. d/b/a
ZAAZ,

    Plaintiff,

v.

AMENTUM SERVICES, INC. f/k/a
URS FEDERAL SERVICES, INC. and NAR
ELECTRONICS HOLDING
GROUP INC. f/k/a NAR ELECTRONICS
SOLUTIONS, LLC,

    Defendants.
_____/

AMENTUM SERVICES, INC. f/k/a
URS FEDERAL SERVICES, INC.,

    Third-Party Plaintiff,

v.

NAR ELECTRONICS HOLDING
GROUP INC. and NAR ELECTRONICS
SOLUTIONS, LLC,

    Third-Party Defendants.
_____/

## ORDER ON EXPEDITED MOTION FOR SANCTIONS

**THIS MATTER** is before the Court on Defendant Amentum Services, Inc.'s Expedited Motion for Sanctions Regarding Trial Witness Intimidation (the "Motion"). (ECF No. 106). In the Motion, Amentum seeks sanctions against Plaintiff 10 Minutes Fitness Inc., its counsel, Mr.

Robert Borak, and Mr. Borak's firm, Spector Rubin, P.A. (*Id.* at 2). Plaintiff has filed a response to the Motion (ECF No. 108), to which Amentum has replied (ECF No. 110).

Amentum seeks sanctions based on Mr. Borak's purportedly "unprofessional, unethical, and prejudicial communications" with Katharina Bukowski, a former employee of Plaintiff who supposedly gave testimony prejudicial to Plaintiff at a deposition. (*Id.*). During the deposition, Mr. Manual Miranda, who is counsel for Amentum, asked Ms. Bukowski: "[W]e haven't spoken since we jumped on that phone call last week; correct?" (Bukoski Dep. at 1-2, ECF No. 106-2). Ms. Bukowski responded, "Correct. Only about the Zoom link, was the only email communication I had, and I think that was with your assistant." (*Id.*). Later in the deposition, Mr. Borak asked Ms. Bukowski, "Have you ever had any conversation with any attorney at Mr. Miranda's firm about anything else other than today," to which she responded, "No." (*Id.* at 3–4). Mr. Borak then asked her, "did you have any email exchanges with Mr. Miranda's firm?" to which Ms. Bukowski responded, "It was just about the meeting and how to sign into whatever I don't know what it's called where the exhibits are." (*Id.* at 4).

In the Motion, Amentum contends that after the deposition, Mr. Borak accused Ms. Bukowski of committing perjury in an email at 10:15 p.m. (*Id.* at 2–3). The email from Mr. Borak to Ms. Bukowski states,

> I believe you testified today that the only communications you had with Mr. Miranda's office was the single conversation last week. However, based upon the attached, there would appear to have been at least three email communications with Mr. Miranda. I will assume for the moment that this was an oversight and that you did not intend to commit perjury. Please advise if you are willing to discuss with me further all of your communications with Mr. Miranda's office. Thank you and best regards[.]

(ECF No. 106-1 at 2). Ms. Bukowski then emailed Mr. Miranda, stating,

> It had entirely slipped my mind that I had sent those. I would've appreciated the courtesy of being told this as well, so I wouldn't have been surprised by the accusations from Mr Borak. I do not feel comfortable speaking with him.

(*Id.* at 2).  Ms. Bukowski also responded to Mr. Borak's email stating,

> That would be correct. It had slipped my mind that these were sent as I did not receive further communication or replies from Mr Miranda or his office and it was me contacting them, not a continuing communication.
>
> If there is anything further to discuss, which I am not certain what else there may be to discuss, my schedule is very busy and I only have time late evenings as I work 9am to 7pm Mountain time.

(ECF No. 108-1 at 2).

Amentum interprets Mr. Borak's email as impliedly threatening retaliation if Ms. Bukowski did not call Mr. Borak to discuss her communications, and that the email amounts to witness intimidation. (*Id.* at 1–2).  Amentum further contends that Mr. Borak's questioning of Ms. Bukowski on this issue "reflects a 'gotcha' examination to develop leverage for his later perjury accusation."  (*Id.* at 3).

In response, Plaintiff states that Ms. Bukowski did, in fact, commit perjury and that the perjury was "suborned by attorney Manuel Miranda of Holland & Knight (as well as the three other Holland & Knight attorneys in attendance at the deposition)." (Resp. at 3, ECF No. 108). Moreover, Plaintiff explains that in light of this testimony it served a subpoena on Holland & Knight for records reflecting any and all communications between their attorneys and staff and Ms. Bukowski. (*Id.* at 5).

In reply, Amentum asserts that Mr. Borak's accusation of suborning testimony is baseless, that Plaintiff accused Ms. Bukowski of perjury, that such accusation did impliedly threaten her (a single mother with no college degree), and that Ms. Bukowski testified truthfully. (Reply at 3–6, ECF No. 110).  Amentum claims that Ms. Buwkoski "understood the term 'communication' to

3

mean a back-and-forth conversation (thus excluding the unilateral emails she forwarded to [Holland & Knight] or, simply, misunderstood Mr. Borak's question altogether." (*Id.* at 6).

After reviewing the record and briefing, the Court is underwhelmed by both parties' collegiality and efforts to litigate this matter with professionalism. The Court will not, as Amentum requests, "admonish" Mr. Borak to not "harass witnesses in this case." (Mot. at 2). As an attorney, it is Mr. Borak's ethical obligation to ensure compliance with the Rules of Professional Responsibility. And to date, the Court does not find any apparent violation. Rather, it sees poor witness preparation. Indeed, it seems clear that even Ms. Bukowski felt that she misspoke during her deposition. Although it is possible Mr. Borak could have communicated in a better manner after the deposition, the Court does not find that his email comes anywhere close to witness intimidation. The Court *strongly* encourages the parties to work on resolving these communication issues before throwing such severe accusations at one another.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Amentum's Motion for Sanctions, (ECF No. 106), is **DENIED**. The hearing scheduled for May 31, 2023, on the Motion for Sanctions is **CANCELLED**.

**DONE AND ORDERED** in Miami, Florida this 31st day of May, 2023.

                                                    JOSE E. MARTINEZ
                                                    UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record