UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 21-23861-CIV-MARTINEZ-BECERRA**

10 MINUTE FITNESS INC. d/b/a ZAAZ,

      Plaintiff,

v.

AMENTUM SERVICES, INC. f/k/a URS
FEDERAL SERVICES, INC., and NAR
ELECTRONICS HOLDING GROUP, INC.
f/k/a NAR ELECTRONICS SOLUTIONS, LLC,

      Defendants,

_____/

AMENTUM SERVICES, INC. f/k/a URS
FEDERAL SERVICES, INC.,

      Third-Party Plaintiff,

v.

NAR ELECTRONICS HOLDING GROUP
INC. and NAR ELECTRONICS SOLUTIONS,
LLC,

      Third-Party Defendants.

_____/

## <u>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS</u>

    **THIS CAUSE** comes before the Court on Defendant Amentum Services, Inc.

("Amentum")'s Motion for Judgment on the Pleadings (the "Motion"). (ECF No. 68). This Court

has reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully

advised as to the premises. Accordingly, and for the reasons stated herein, the Motion, (ECF No.

68), is **GRANTED**.

## I.   BACKGROUND

ZAAZ markets and sells the ZAAZ 20K WBV, a Whole Body Vibration machine ("WBV Machine"). (SAC[1] ¶¶ 9–15). ZAAZ sells its machines through store registers or its e-commerce website; it does not distribute or sell its machines wholesale or through resellers. (*Id.* ¶¶ 11–13). ZAAZ markets its machines at limited-engagement events in retail stores like Costco and Sam's Club. (*Id.* ¶ 11).

Between April and June 2017, U.S. Customs and Border Protection ("CBP") seized three containers, each of which contained 225 WBV Machines. (SAC ¶ 16). CBP seized the containers—two in Savannah, Georgia and one in Miami, Florida—claiming that the machines were counterfeit because they were stamped with an improper UL certification on the base of each WBV Machine.[2] (SAC ¶ 16). ZAAZ alleges that the UL certification was an accurate safety certification of the plastic on the base of each WBV Machine but that the WBV Machines were CSA certified,[3] not UL certified. (*Id.* ¶ 18). Although ZAAZ tried to work with CBP to fix the problem, CBP informed ZAAZ that it would enforce its "zero tolerance policy" and destroy all confiscated WBV Machines. (*Id.* ¶¶ 20–23).

Later, ZAAZ learned that the confiscated machines had not been destroyed but were being sold on eBay and Amazon without ZAAZ's knowledge or authorization. (SAC ¶ 24). ZAAZ

---

[1]    "SAC" refers to the Second Amended Complaint (ECF No. 35).

[2]    Although undefined, the Court presumes when Plaintiff states "UL" it is referring to the Underwriters Laboratory, "a Nationally Recognized Testing Laboratory (NRTL), accredited by the Occupational Safety and Health Administration to certify products' compliance with safety standards[.]" *Warren Tech. v. UL LLC*, 962 F.3d 1324, 1326 (11th Cir. 2020). "UL tests products and authorizes the manufacturer to use its certification mark to indicate a product complies with the applicable standard." *Id.*

[3]    Again undefined, the Court presumes when Plaintiff states "CSA" is it referring to the Canadian Standards Association Group, another organization that provides testing, inspection, and certification services to manufacturers. *See* About Us, CSA Group, https://www.csagroup.org/about-csa-group/ (last visited November 9, 2022).

contacted CBP to inquire into how the destroyed machines reached these online retailers. (*Id.* ¶ 25). CBP notified ZAAZ it had designated Amentum with the responsibility of destroying the WBV Machines in Miami. (*Id.* ¶¶ 26–27). ZAAZ alleges, on information and belief, that Amentum provided CBP with certificates stating that the confiscated machines had been destroyed in Miami. (*Id.* ¶ 28).

The WBV Machines continue to be sold by unauthorized third parties below their market rate. (SAC ¶¶ 29, 42). In fact, ZAAZ purchased a WBV Machine from Amazon and from eBay and confirmed, by way of the machines' serial numbers and UL certifications, that the Machines were from the three CBP-confiscated containers. (*Id.* ¶ 41). ZAAZ alleges it has incurred significant damages resulting from the unauthorized sales, including lost profits, reputational harm, and loss of good will. (*Id.* ¶¶ 30–37, 45–58). Further, ZAAZ alleges that the unauthorized sales have caused the company to incur debt and have prevented it from introducing its next-generation WBV Machine. (*Id.* ¶¶ 56–58).

Ultimately, ZAAZ initiated this action against Amentum. (ECF Nos. 1 & 21). In response, Amentum filed a Third-Party Complaint ("TPC") against Defendant NAR for breach of contract and seeking declaratory relief. (TPC, ECF No. 29 ¶¶ 23–46). Amentum alleges that it entered into a subcontract with NAR for NAR to carry out the services Amentum agreed to provide CPB. (*Id.* ¶¶ 12–16). ZAAZ then amended its pleading based on the allegations in the TPC to assert a claim of negligence against NAR. (*See* SAC ¶¶ 59–83).

Based on the allegations in theTPC, ZAAZ alleges that Amentum delegated its duty to destroy the WBV Machines to NAR. (*Id.* ¶ 71). NAR then moved to dismiss the negligence claim asserted in the SAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Mot. at 3–8, ECF No. 51). In its Order granting NAR's Motion to Dismiss, (ECF No. 60), this Court did not find that NAR should have foreseen that ZAAZ fell within a zone of risk caused by

its handling of the WBV Machines, and thus did not owe a duty to ZAAZ. (Order at 6). Now, Amentum moves for judgement on the pleadings as to Count I, Plaintiff's only claim against Amentum, as it alleges that like NAR, Amentum did not owe a duty to Plaintiff and therefore, this Court should dismiss the Second Amended Complaint. The Court agrees.

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). This Court may grant a motion for judgment on the pleadings where "no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attn'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232–33 (11th Cir. 2001)). "A Rule 12(c) motion for a judgment on the pleadings is guided by the same principles established to resolve a Rule 12(b)(6) motion to dismiss for failure to state a claim." *King v. Akima Glob. Services, LLC*, Case No. 16-25254-Martinez, 2018 WL 9837836, *2 (S.D. Fla. July 25, 2018) (citing *Paradise Drivers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005)). Indeed, "[t]he main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion." *Id.*

## III.   DISCUSSION

ZAAZ asserts one count of negligence against Amentum.  (SAC ¶¶ 59–59).  To state a claim for negligence under Florida law,[4] a plaintiff must sufficiently allege "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff

---

[4]      In diversity jurisdiction cases such as this one, Florida substantive law applies.  *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010).

suffering actual harm from the injury." *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). Amentum argues that it was not negligent because it did not owe a duty to ZAAZ. (Mot. at 6–8).

A duty may arise from four sources: "(1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Categories one through three do not apply here. As to the fourth category, whether a duty arises "from the general facts of the case depends upon an evaluation and application of the concept of foreseeability of harm to the circumstances alleged, which is a threshold question of law." *United States v. Stevens*, 994 So. 2d 1062, 1066–67 (Fla. 2008). A legal duty exists when "a person's conduct is such that it creates a 'foreseeable zone of risk' posing a general threat of harm to others[.]" *Id.* at 1067. A person "who creates a risk is required to exercise prudent foresight whenever others may be injured as a result." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992). Whether a duty of care exists is a question of law. *Id.* at 502.

Notably, "as the risk grows greater, so does the duty, because the risk to be perceived defines the duty that must be undertaken." *Id.* In the same vein, the Court is more likely to impose a duty when a plaintiff has suffered personal or property damage compared to when a plaintiff seeks only to recover economic losses. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing Florida law). When only economic losses are at issue, "the duty element of negligence law services as an important barrier to over-extension of liability." *Id.* In addition, "it is important to consider whether the specific relationship between the plaintiff and defendant warrants imposing a duty on the defendant to protect plaintiff's purely economic interests." *Id.* at 1340. After reviewing the facts alleged here, and taking the Second Amended Complaint as true,

the Court does not find that ZAAZ has sufficiently alleged the type of relationship that should warrant the imposition of a duty on Amentum to protect ZAAZ.

First, the SAC does not allege that Amentum was aware that (1) ZAAZ was the owner of the WBV Machines, or (2) ZAAZ had a continuing interest in the WBV Machines. Further, there are no allegations suggesting that Amentum should have known that ZAAZ had an interest in the Machines. Indeed, Amentum had originally been contracted to destroy the Machines, but then subcontracted the destruction of the property to NAR. Because Amentum was unaware of ZAAZ's interest in the WBV Machines, the Court does not find that Amentum should have foreseen that ZAAZ fell within a zone of risk caused by its handling of the WBV Machines. *See Insight Secs. V. Deutsche Bank Tr. Co. Ams.*, No. 20-cv-23864, 2021 U.S. Dist. LEXIS 147573, at *12 (S.D. Fla. Aug. 21, 2021) (dismissing complaint against bank for not owing a duty to the plaintiff—a securities broker—because defendant "was unaware" of plaintiff's "involvement in the transactions").

Second, the SAC alleges that "[Amentum] was neglectful in its duties to confirm the destruction of the machines in its care when it issued the destruction certificates, or permitted same to be issued despite knowing that the machines had not been destroyed," and "[Amentum's] actions in the performance of its duties as a government contractor demonstrate a failure to exercise reasonable care that could reasonably be foreseen to create a substantial likelihood of harm to others, including plaintiff." (SAC ¶¶ 65-66). By relying on such allegations, ZAAZ is seeking to hold Amentum liable for breaching a contract that ZAAZ lacks standing to enforce. However, "[t]o claim the protection of [a] contract, [a party] must establish it was an intended third-party beneficiary of it." *Esposito v. True Color Enters. Constr., Inc.*, 45 So. 3d 554, 555 (Fla. 4th DCA 2010). The reason being that "[a] person who is not a party to a contract may not sue" to enforce its terms "where that person receives only an incidental or consequential benefit from the contract."

6

*Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994). "A party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong." *Id.* at 1031. Here, CBP determined that ZAAZ was importing machines with counterfeit trademarks, resulting in the retention of Amentum by the government to dispose of the property. Accordingly, to the extent Amentum owed a duty, such duty was owed to the government, not ZAAZ.

Lastly, as Amentum notes, the SAC is also subject to dismissal under the *in pari delicto* doctrine. "The doctrine of *in pari delicto* is an equitable doctrine that states a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing." *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir. 2006) (internal quotation and citation omitted). The doctrine "is both an affirmative defense and an equitable defense. Broadly speaking, the defense prohibits plaintiffs from recovering damages resulting from their own wrongdoing." *In re Felt Manufacturing Co., Inc.*, 371 B.R. 589, 608 (Bankr. D.N.H. 2007); *O'Halloran v. PricewaterhouseCoopers LLP*, 969 So.2d 1039, 1043 (Fla. 2d DCA 2007). "The affirmative defense of *in pari delicto* typically requires proof of facts asserted by the defendant and, as such, is seldom an appropriate ground for granting a motion to dismiss." *In re Phoenix Diversified Inv. Corp.*, 439 B.R. 231, 241 (Bankr. S.D. Fla. 2010). However, "[t]he defense may be asserted at the motion to dismiss stage only where the facts establishing the defense: (1) are definitively ascertainable from the complaint and other allowable sources of information, and (2) suffice to establish the affirmative defense with certitude." *Id.* Here, the SAC concedes Plaintiff's own wrongdoing, noting that "[b]etween April 2017 and June 2017 US Customs and Border Protection ("CBP") seized 3 containers . . . each containing 225 ZAAZ 20K machines, claiming counterfeit trademark due to an alleged improper depiction of a UL

certification number stamped on the base of each machine." (SAC ¶ 16). The CBP held that "the presence of the stamped UL # was misleading and inappropriate" thus leading to the forfeiture and destruction of the property. (*Id.* ¶¶ 18, 20-21). As such, Plaintiff is barred from recovering due to its violation of federal law.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that

1.     The Motion for Judgment on the Pleadings, (ECF No. 68), is **GRANTED as stated herein**. Count I of the Second Amended Complaint, (ECF No. 35), is **DISMISSED WITHOUT PREJUDICE**.

2.     Plaintiff may file a motion for leave to amend the complaint **on or before July 26, 2023.** Should Plaintiff not file the motion for leave by the given deadline, this case shall be dismissed with prejudice without further warning.

3.     The Third-Party Complaint, (ECF No. 29), is **DISMISSED AS MOOT**.

4.     The Clerk shall **ADMINISTRATIVELY CLOSE** this case pending the filing of Plaintiff's motion for leave to amend the complaint. This shall not affect the parties' substantive rights.

**DONE AND ORDERED** in Miami, Florida, this 26 day of June, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record