UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-23861

10 MINUTE FITNESS INC. d/b/a
ZAAZ,

    Plaintiff,

v.

AMENTUM SERVICES, INC. f/k/a
URS FEDERAL SERVICES, INC. and NAR
ELECTRONICS HOLDING
GROUP INC. f/k/a NAR ELECTRONICS
SOLUTIONS, LLC,

    Defendants.
_____/

AMENTUM SERVICES, INC. f/k/a
URS FEDERAL SERVICES, INC.,

    Third-Party Plaintiff,

v.

NAR ELECTRONICS HOLDING
GROUP INC. and NAR ELECTRONICS
SOLUTIONS, LLC,

    Third-Party Defendants.
_____/

**DEFENDANT AMENTUM SERVICES INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION
<u>FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

Defendant Amentum Services, Inc. f/k/a URS Federal Services, Inc. ("Amentum") responds to Plaintiff's, 10 Minute Fitness Inc. d/b/a ZAAZ ("ZAAZ" or "Plaintiff"), Motion for Extension of Time to File Motion for Leave to File Amended Complaint (D.E. 114) ("Motion").

No good cause exists to justify granting Plaintiff nearly two months to file a motion for leave to amend a one-count negligence complaint. Plaintiff's failure to act diligently is no excuse. For the reasons set forth herein, the Motion should be denied.

As an initial matter, Plaintiff's arguments in support of the Motion focus on whether Amentum would be prejudiced. *See* Mot. ¶¶ 7–8 (arguing "there will be no prejudice whatsoever to Amentum" and, "[a]s such, good cause exists"). The standard, however, requires a showing of *good cause*—not merely a lack of prejudice. This alone is "fatal" to Plaintiff's request. *See TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569, 2018 WL 4828435, at *4–5 (S.D. Fla. Aug. 28, 2018) ("[T]he Miller Defendants have not even attempted to make a showing of diligence . . . [and] instead focus *exclusively* on the lack of prejudice to Plaintiff. The Miller Defendants appear to believe that the lack of prejudice allows for an amendment irrespective of how untimely a request may be in reference to a Court's Scheduling Order. . . . The lack of diligence is ***fatal*** to their motion because it is a well settled principle in our circuit that '[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.'") (emphasis added); *Gillman v. U.S.*, No. 04-22511, 2006 WL 8431810, at *2 (S.D. Fla. Mar. 20, 2006) ("The Court again denied this motion . . . finding that Plaintiff had not shown good cause for the requested extensions but rather had only demonstrated a lack of diligence.") (Martinez, J); *Chryso, Inc. v. Archer W. Constr.*, LLC, No. 19-21199, 2019 WL 7938092, at *1 (S.D. Fla. Dec. 4, 2019) ("Chryso's motion failed to establish good cause, and accordingly, this Court denied the motion.") (Martinez, J.); *Peoples v. Expert*

1

*Sales & Serv. Corp.*, No. 07-14389, 2008 WL 2637426, at *1 (S.D. Fla. July 3, 2008) (same) (Martinez, J.).

Beyond that, Plaintiff has not merely failed to provide a good-cause basis in its Motion; Plaintiff has failed to provide one more generally in its email-conferral exchanges with the undersigned. Specifically, after the undersigned asked what Plaintiff intends to file in seeking this extension, counsel for Amentum responded: "Nothing as of yet. We are contemplating filing a motion for leave to amend the complaint as set forth in the court's order." *See* Ex. A. In other words, Plaintiff's counsel represented that Plaintiff was not necessarily seeking additional time to file a motion in line with the Court's Order. Rather, counsel simply wanted more time to continue "contemplating" whether Plaintiff might seek leave to amend the complaint at all.

Again, this Court entered its dismissal order more than **three weeks** ago. Plaintiff and its counsel have thus had more than enough time to evaluate whether they intend to seek leave to amend. Plaintiff's seeking additional time to file a motion that it may, ultimately, not move forward with does no more than unnecessarily delay the proceedings, burden the court's docket, and deprive Amentum of finality.

Finally, none of the other reasons Plaintiff offers in its Motion justify giving it more time. Plaintiff, for instance, states that (i) "[t]he undersigned will be on vacation for the next two weeks," and (ii) "the undersigned would like the opportunity to discuss this matter with his client but has been unable to do so due to his client's representative traveling for the last two weeks." Mot. ¶ 3. But, even if taken at face value, neither one of those reasons explains why Mr. Borak has been unable to confer with his client on the Court's June 27 dismissal order—*which was entered twenty four days ago*—nor why he cannot do so over the next five days. Lacking further still, the Motion

2

says nothing about the availability of Mr. Rubin (who is also counsel of record) or the number of other attorneys who work at their law firm.

And so, even if Plaintiff were excused from meeting the good-cause standard, here, Plaintiff has articulated no cogent basis for why it needs additional time to comply with the Court's June 27 Order. Nor can it. Plaintiff has had *weeks* to consider the Court's ruling; still has more than *five* days before this Court's deadline comes due; and has numerous attorneys available to assist, including additional *counsel of record* who have not represented any unavailability in the Motion or in the emails with the undersigned. On this posture, no good cause exists to warrant such relief.

At bottom, Plaintiff's lack of diligence offends the good-cause requirement and cautions against providing Plaintiff an extension that would give it nearly two months to seek leave to amend a one-count negligence complaint. Plaintiff has failed to meet its burden. And Amentum is entitled to finality. Accordingly, Plaintiff's Motion for Extension of Time to File Motion for Leave to File Amended Complaint should be denied.

Dated: July 21, 2023

                                          Respectfully submitted,

                                          **HOLLAND & KNIGHT LLP**
                                          701 Brickell Avenue, Suite 3300
                                          Miami, Florida 33131
                                          Telephone: 305-374-8500

                                          */s/ Israel Encinosa*
                                          Alex M. Gonzalez
                                          Florida Bar No. 0991200
                                          alex.gonzalez@hklaw.com

Israel J. Encinosa
Florida Bar No. 0046083
israel.encinosa@hklaw.com

Manuel A. Miranda
Florida Bar No. 119302
manuel.miranda@hklaw.com

Anthony J. Sirven
Florida Bar. No. 125879
anthony.sirven@hklaw.com

Gary Klubok
Florida Bar No. 1031678
gary.klubok@hklaw.com

*Counsel for Defendant/Third-Party Plaintiff
Amentum Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, a true and correct copy of the foregoing was filed with the Clerk of Court via the Court's CM/ECF system, which shall serve a copy of same upon counsel for Plaintiff.

By: ___/s/ Israel Encinosa___